# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

Lawrence Montgomery
_____
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: 12-30728

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
  _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence  that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 7, 2012
_____
Date

s/ Mona K. Majzoub
_____
*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
_____
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This is a presumption case. Defendant is charged in two criminal complaints with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Possession with Intent to Distribute a Controlled Substance, and Possession with Intent to Distribute Crack Cocaine and Possess a Firearm in Furtherance of a Drug Trafficking Crime.

Defendant is single, 26 years old, with a history of criminal contacts involving drugs, guns, and violence. At the age of 19 he was charged with Attempt CCW and he was sentenced to HYTA probation on 8/7/2007. He violated his probation and probation was revoked and he was sentenced to jail. At the age of 20 he was charged with Homicide but those charges were subsequently dismissed. In September 2007 Defendant was charged with Dangerous Drugs and the disposition of that case is not known. On April 29, 2009 he was charged and convicted of Controlled Substance, Deliver/Manufacture (Cocaine, Heroin or Another Narcotic) Less than 50 Grams and was sentenced to probation and a fine. Probation was closed on June 5, 2010.

The instant charges (two complaints) stem from a series of searches of two addresses over a period of 8 months, from March 2012 through November 2012. On March 30, 2012 a complaint issued and the DPD executed a search warrant at an address at Goulburn in the city of Detroit. Defendant was present and proof of his residence was found/produced. Also found at the time was 20.8 grams of crack cocain, 29.2 grams of heroin, 292 zip locks of heroin packaged for sale, 9 grams of marijuana, $5440 cash, and four firearms: a Lorcin 380, a loaded Jing An shotgun, a loaded Remington rifle, and a Cobra 380 handgun. Defendant was arrested on the following day.

A second search warrant was executed at the same address on Goulburn on August 21, 2012. Again Defendant was found present in the kitchen next to the side door. Four firearms were retrieved during this search, a Taurus .40 caliber hand gun, a Cobra .38 caliber hand gun, a Glock .40 caliber hand gun, and a Smith and Wesson .38 caliber handgun. In addition, Defendant was found to have a handgun in his waistband, and $859, .3 grams or crack and .2 grams of heroin were found in his pockets.

On November 28, 2012 a controlled purchase of heroin was made from Defendant at a pre-determined location.

On October 21, 2012 a Police Report was generated which describes that Defendant was shot outside of the Goulburn residence, once in his left leg and once in his right ear. Defendant was taken to St. John Hospital for treatment.

On November 30, 2012 Defendant was arrested at the Barlow residence during the execution of another search warrant. Defendant was found in the basement of that house at 7:30 a.m. Seized during the execution of that search warrant were 6 ziplocks of crack cocaine, one Glock with an extended magazine and 28 live rounds, a plastic bag was found in the toilet with 181 ziplocks of heroin, 129 ziplocks of heroin were recovered from the basement along with one bag of marijuana at the basement bar. Marijuana was also retrieved from the dining room along with a money counter and a digital scale.

It should be noted that the Barlow address is the address Defendant gave to Pretrial Services as his residential address. But in open court Defendant stated that he resided on Trinity Street in the City of Detroit, not the Barlow address or the Goulburn address.

At the same time (November 30, 2012 at 7:30 a.m.) a search warrant was again executed at the Goulburn residence. An AK 47 with a loaded magazine was recovered with 6 live rounds and a fully loaded UZI was recovered with one live round in the chamber.

Defendant is a convicted felon. At one point, inexplicably, he had a CCW permit but this permit was revoked on April 14, 2012.

Defendant was sentenced on January 5, 2012 for Controlled Substances, Delivery and Manufacture (50 grams). Defendant is facing a 20 year minimum on the instant charges.

Defendant argues that he is neither a flight risk nor a danger to the community and requests third party custody to his girlfriend.

The government argues that Defendant is a danger to the community. Pretrial Services concludes that Defendant is a danger to the community. This Court finds that Defendant poses a danger to the community based upon his criminal record, his prior drug and weapons convictions, and the facts surrounding the instant charges as alleged. Within the past eight months Defendant has been found with huge amounts of multiple narcotics packaged for sale and delivery, large amounts of cash, a money counter, a digital scale, 11 firearms, including an AK 47 UZI, loaded, and he has been shot outside one of the houses that he maintains/frequents.

Defendant has not rebutted the presumption of detention in any manner. By clear and convincing evidence, Defendant has shown himself to be a danger to the community and to himself.. There is no condition or combination of conditions that would assure the safety of this community. Detention is therefore Ordered.